# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-02096 (ESL) |
| | * | |
| SHAROL CARTAGENA ESPADA | * | CHAPTER 13 |
| | * | |
| Debtor | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO MOTION FOR ENTRY OF ORDER
### FOR DEBTOR TO SURRENDER PLEDGED VEHICLE TO CREDITOR

**TO THE HONORABLE COURT:**

**COMES NOW** the above-named Debtor through the undersigned attorney and very respectfully prays, alleges, and requests:

1. That on August 10, 2020, creditor FFI Holdings, Puerto Rico, LLC, d/b/a La Familia Pawn ("La Familia Pawn" hereinafter) filed a motion moving the Court to enter an order directing Debtor to surrender her motor vehicle to creditor. (Docket #28).

2. That the motor vehicle is a 2010 Mitsubishi Outlander listed on Schedules A/B of Debtor's voluntary petition and subject of a loan transaction between Debtor and La Familia Pawn.

3. That on its motion, La Familia Pawn contends that the motor vehicle owned by Debtor is not part of the bankruptcy estate in the instant case. La Familia Pawn claims that

*Page -2-*

pursuant to 11 U.S.C. § 541(b)(8)(C)[1] neither Debtor nor the Chapter 13 Trustee redeemed the motor vehicle by the date prescribed by the afore-mentioned statute and move the Court for an order for Debtor to surrender the collateral.

4. That La Familia Pawn cannot prevail on its pleading. In order to be excluded from the bankruptcy estate, 11 U.S.C. § 541(b)(8) provides that 3 conditions must be met: the personal property has to be in the possession of the lender, there is no obligation to repay the loan or redeem the property and neither the Debtor nor Trustee has redeemed in a timely manner.

5. That in the instant case, 11 U.S.C. § 541(b)(8) is rendered inapplicable. Debtor's motor vehicle has never been in the possession of lender La Familia Pawn. It is uncontested that Debtor has had the possession of the motor vehicle at all times since she entered into the loan transaction with La Familia Pawn. 11 U.S.C. § 541(b)(8) is inapplicable to the case at hand since the transaction is a motor vehicle title pawn where the Debtor has

---

[1] 11 United States Code § 541(b)
  (b) Property of the estate does not include—
    (1)...
    (8) subject to subchapter III of chapter 5, any interest of the debtor in property where the debtor pledged or sold tangible personal property (other than securities or written or printed evidences of indebtedness or title) as collateral for a loan or advance of money given by a person licensed under law to make such loans or advances, where—
      (A) the tangible personal property is in the possession of the pledgee or transferee;
      (B) the debtor has no obligation to repay the money, redeem the collateral, or buy back the property at a stipulated price; and
      (C) neither the debtor nor the trustee have exercised any right to redeem provided under the contract or State law, in a timely manner as provided under State law and section 108(b);

retained possession of the automobile.

6. That Debtor's Chapter 13 Plan dated June 29, 2020 provides for the payment of La Familia Pawn's claim. Debtor's plan of reorganization was confirmed on August 6, 2020 by this Honorable Court. (Docket #25). The confirmation order is now final and unappealable.

7. That pursuant to 11 U.S.C. §1327 the confirmation of Debtor's Chapter 13 is binding on La Familia Pawn, regardless of any objection by creditors. Furthermore, on August 10, 2020, La Familia Pawn filed Proof of Claim #1, will get paid according to the plan's terms and will retain its security interest on Debtor's property until the claim is paid.

8. That for the foregoing reasons, Debtor respectfully moves this Honorable Court to enter an order denying La Familia Pawn's Motion for Entry of Order for Debtor to Surrender Pledged Vehicle to Creditor.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter an order denying the Motion for Entry of Order for Debtor to Surrender Pledged Vehicle to Creditor filed by La Familia Pawn at Docket #28.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that a true copy of this motion has been sent to: Chapter 13 Trustee, Jose R. Carrion, Esq., P.O. Box 9023884, San Juan, PR 00902-3884 and to all creditors as per Master Address List attached herein.

In Bayamón, Puerto Rico, this August 24, 2020.

*Page -4-*

*/s/ Roberto Pérez Obregón*
**ROBERTO PÉREZ OBREGÓN
PO BOX 9497
BAYAMON PR 00960 8041
TEL.: 787-787-9883
U.S.D.C. #202003
elizabethalemany@msn.com
rperez23@msn.com**

CARTAGENA ESPADA SHAROL ELIZER
URB ESTANCIAS DE RIO HONDO I
D70 CALLE RIO CIALITOS
BAYAMON PR 00961

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

ROBERTO PEREZ OBREGON LAW OFFICE
PO BOX 9497
BAYAMON PR 00960-9497

LA FAMILIA PAWN AND JEWELRY
404 AVE BARBOSA UNIT B
SAN JUAN PR 00922

ASSISTANT US ATTORNEY
TORRE CHARDON SUITE 1201
350 AVE CARLOS CHARDON
SAN JUAN PR 00918-2124

ATTORNEY GENERAL DEPT JUSTICE
MAIN BLDG ROOM 5111
10TH AND PENNSYLVANIA AVENUE NW
WASHINGTON DC 20530-0001

CLARO
PO BOX 360998
SAN JUAN PR 00936-0998

CLARO
500 TECHNOLOGY DRIVE SUITE 500
WELDON SPRINGS MO 63304

DEPARTAMENTO DE TRANSPORTACION
Y OBRAS PUBLICAS
PO BOX 11889
SAN JUAN PR 00922-1889

DEPARTMENT OF TREASURY
BANKRUPTCY DEPT OFF 424B
PO BOX 9024140
SAN JUAN PR 00902-4140

DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA PA 19255-0001

INTERNAL REVENUE SERVICE
CITY VIEW PLAZA II
48 CARR 165 STE 2000
GUAYNABO PR 00968-8000